JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | | |
|---|---|---|
| GARY LOMAX, | ) | Case No. ED CV 11-01029-DSF (VBK) |
| Petitioner, | ) ) | MEMORANDUM AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | ) ) | |
| TERRI GONZOLES, | ) ) | |
| Respondent. | ) ) | |

On July 5, 2011, Gary Lomax (hereinafter referred to as "Petitioner"), in state custody, filed a "Petition for Writ of Habeas Corpus" in the United States District Court for the Central District of California.[1] Petitioner was convicted on July 21, 2010 of second degree burglary in the Riverside County Superior Court. (See Petition at pp. 1-2.) Petitioner alleges the following claims: "I think I was giving [sic] more time then [sic] I should have got due to the charge that was added to the crime of burglary that I was arrested for. Three years should have been max.; and 2) People v. Superior Court

---

[1] The Petition was originally filed on May 6, 2011 in the United States District Court for the Southern District of California. On July 5, 2011, an Order Transferring Action to United States District Court for the Central District of California, Eastern Division was issued by United States District Judge Larry Alan Burns.

(Romero)." (Petition at 6-7.)

The Petition does not allege that Petitioner filed a petition for review or habeas corpus petition in the California Supreme Court. (Petition at 2-4). However, a search of the California Appellate Courts' website reveals that Petitioner filed a habeas corpus petition in the California Supreme Court on March 15, 2011, which remains pending as of the present date. See http://appellatecases.courtinfo.ca.gov.

A federal court will not review a state prisoner's petition for writ of habeas corpus unless it appears that the prisoner has exhausted available state remedies. 28 U.S.C. §2254(b) and (c); O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S.Ct. 1728 (1999); Park v. California, 202 F.3d 1146, 1150 (9th Cir.), cert. denied, 531 U.S. 918, 121 S.Ct. 277 (2000); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979); see Rose v. Lundy, 455 U.S. 509, 522, 102 S.Ct. 1198 (1982). "For reasons of federalism, 28 U.S.C. §2254 requires federal courts to give the states an initial opportunity to correct alleged violations of its prisoners' federal rights." Kellotat v. Cupp, 719 F.2d 1027, 1029 (9th Cir. 1983). The exhaustion requirement seeks to avoid "the unseemliness of a federal district court's overturning a state court conviction without the state courts having had an opportunity to convert the constitutional violation in the first instance." O'Sullivan v. Boerckel, 526 U.S. at 844-45.

Exhaustion requires that the prisoner's contentions be fairly presented to the highest court of the state. Carothers, supra, 594 F.2d at 228; see Allbee v. Cupp, 716 F.2d 635, 636-37 (9th Cir. 1983). Since Petitioner is still challenging his conviction in the state courts, the present Petition should be dismissed without prejudice. .

**ACCORDINGLY, IT IS ORDERED** that the Petition be dismissed without prejudice.

DATED: July 20, 2011

/s/ Dale S. Fischer
DALE S. FISCHER
UNITED STATES DISTRICT JUDGE

Presented on
July 18, 2011 by:

          /s/
VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE